*502 OPINION.
Marquette
: The taxpayer had a successful business in the manufacture of gas engines. He became interested in the feed business and made loans to carry it on until he had so much money involved therein that he felt the necessity of taking it over to justify his investment through the exercise of his business ability in the extraction of the business from its financial difficulties. He organized the business as' a corporation in 1912. Thereafter, he carried on the corporation, of which he was the sole stockholder, advancing it funds, sometimes out of his individual account and at other times out of his business conducted as the Superior Gas Engine Co. The funds advanced, however they may have been carried as a matter of bookkeeping, were funds of taxpayer.
The Revenue Act of 1917 provided for an excess profits tax upon individuals engaged in business, and no provision was made for consolidated returns in a situation where a sole proprietor of one business owned or controlled substantially all the stock of a corporation- Upon the record, the two businesses must be treated as separate and distinct business units.
The taxpayer contends that the amount of $55,551.16, which represented the total sum advanced to the corporation, should be treated as accounts receivable of the engine business and included in the surplus of that business for invested capital purposes. While that sum may have been advanced by the taxpayer and the amount thereof set up on the books of the Superior Gas Engine Co., we can not disregard the fact that that name was merely one used by the taxpayer in his individual business. It was the taxpayer who advanced the money and not an entity separate and distinct from the taxpayer himself. As such, was it an advance by him as the owner of the engine business or as an individual? To a very small extent, the exact amount of which was indefinite on the record, the advances represented goods made by the Engine Co. and sold to the corporation. But the larger part of the advances represented the payment of corporate obligations, such as taxes,. salaries, and other business expenses. Some of the articles were purchased by the taxpayer for the gas-engine business and turned over to the corporation; others were purchased by the corporation and paid for by the taxpayer. As ⅛ appears to us, such advances were withdrawals from the engine business and personal loans by the *503 taxpayer to the Feed Co. They were not in any true sense accounts receivable of the gas-engine business With that business alone is the question of invested capital concerned, and the action of the Commissioner disallowing the advances as accounts receivable of the engine business and as part of its invested capital was proper.
The next question relates to the deduction in 1918 of $17,701.71, which constituted part of the sum of $34,701.71 which the taxpayer was obliged to pay by reason of his liability as an endorser on the notes of the corporation. A portion only of a bad debt is not deductible under the Revenue Act of 1918. Appeal of Steele Cotton Mill Co., 1 B. T. A. 299; Appeal of The Murchison National Bank, 1 B. T. A. 617. We find nothing with respect to this deduction by the taxpayer which would take it out of the rule there announced, and the action of the Commissioner disallowing the same must be approved.
The remaining question relates to the deductibility in 1919 of the amount of $56,497.98, owing by the corporation to the taxpayer for advances by way of credits and money, as a bad debt. The corporation was at all times insolvent. The taxpayer knew it, but his repeated advances to the corporation evidence his expectation that the affairs of the corporation would thereby be eventually worked out. It is true that the liabilities of the corporation exceeded its assets and that it was technically insolvent, but the control of the corporation rested entirely in the taxpayer and its liabilities consisted principally of indebtedness to him. There were assets sufficient to reimburse the taxpayer in part, and upon the record the entire debt was not worthless and therefore was not deductible. Appeal of Winthrop Ames, 1 B. T. A. 63; Appeal of G. C. Krack, 1 B. T. A. 1119; Appeal of Portland Railway, Light and Power Co., 1 B. T. A. 1150. Furthermore, the amount of $56,497.98 was but a portion of the indebtedness owing by the corporation to the taxpayer and, for the reason stated above, part of a debt is not deductible.